721 So.2d 431 (1998)
CONTINENTAL CASUALTY COMPANY, Appellant,
v.
Julie Wood CURL and Lynn Wood Griner, as Co-Executors of the Estate of Louise Stanley, deceased, and on behalf of themselves and any other person entitled to recover herein; Danny Smallwood, as Executor of the Estate of Ruth Wolfe, deceased, and on behalf of E. Judson Wolfe and L. Wilson Wolfe, and any other person entitled to recover herein; Rebecca G. Weemhoff, as personal representative of the Estate of Elizabeth Benfield Gabriel, deceased, on behalf of Rebecca G. Weemhoff, Ann G. Ailsworth, Robert C. Weemhoff, Richard West Weemhoff, Kimberly Alyce Weemhoff, Julie Elizabeth Ailsworth, Jonathan David Ailsworth, Harry Benfield, Sarah Benfield Wright, and Robert Benfield; Valujet Airlines and Valujet Airlines, Inc., Appellees.
No. 98-821.
District Court of Appeal of Florida, Third District.
December 2, 1998.
*432 Rawlings Associates and Jervis C. Mobley, Jr., Jacksonville, for Appellant.
Anania, Bandklayder Blackwell & Baumgarten and Douglas H. Stein, Miami; Wicker, Smith, Tutan, O'Hara, McCoy, Graham, Lane & Ford and Shelley H. Leinicke, Fort Lauderdale, for Appellee ValuJet Airlines, Inc.
Speiser Krause and Leigh J. Ballen, Gerard R. Lear and Daniel D. Barks, Arlington, VA; Campbell, Malone, and Joseph J. Slama, Fort Lauderdale, for Appellees Julie Wood Curl, et al.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel D. Eaton, Miami, for Plaintiffs' Steering Committee.
Before COPE, GREEN and SORONDO, JJ.
COPE, Judge.
Continental Casualty Co. ("Continental") appeals an order denying its motion to intervene in three pending wrongful death actions. We affirm.
Continental provided travel accident insurance to passengers on ValuJet Flight 592, which crashed in the Everglades on May 11, 1996. The insurance policy provided that Continental would pay a death benefit of $200,000 for the loss of an insured's life. After the crash, Continental paid death benefits on behalf of its insureds, decedents Elizabeth Benfield Gabriel, Louise Stanley, and Ruth Wolfe. The insurance policy contained a subrogation clause whereby the insurer reserved "the right to recover any payments we have made from anyone who may be responsible for the insured's loss."
The personal representatives of the decedents filed wrongful death actions against Valujet and several codefendants. Continental moved to intervene, contending that it had subrogation rights and was entitled to recover from the defendants the death benefits it had paid. The trial court denied the motion to intervene and Continental has appealed.
The underlying question is whether Continental has cognizable subrogation *433 rights under an insurance policy that pays death benefits. We conclude that it does not.
As a preliminary matter, the parties disagree over what state's law apples. The insurance policy states that "[t]his policy shall be governed by the laws of Illinois." The parties debate whether in the context of a subrogation action contract choice-of-law rules apply and Illinois law governs, or whether tort choice-of-law rules apply and Florida law governs. See Lincoln Nat'l Health & Cas. Ins. Co. v. Mitsubishi Motor Sales of Am., Inc., 666 So.2d 159, 161-62 (Fla. 5th DCA 1995); Aetna Cas. & Sur. Co. v. Huntington Nat'l Bank, 587 So.2d 483, 485-86 (Fla. 4th DCA 1991). We need not resolve this dispute because Continental has no subrogation rights under either analysis.
If Florida law is controlling, Continental has no right of subrogation because its policy is "valued." See DeCespedes v. Prudence Mut. Cas. Co., 193 So.2d 224, 225-26 (Fla. 3d DCA 1966). A valued policy is "[o]ne in which the value of the thing insured, and also the amount to be paid thereon in the event of loss, is settled by agreement between the parties and inserted in the policy." Black's Law Dictionary 1158 (6th ed.1990); see DeCespedes, 193 So.2d at 226. Valued policies are commonly employed "where the subject of the insurance is life and death...." Id. For valued policies, subrogation does not lie. See id. Florida law thus bars Continental's claims for subrogation, whether contractual or equitable.
Similarly, Illinois law does not recognize an insurer's right of subrogation in valued polices. "Where the indemnity feature is not present, i.e., life or accident insurance, the subrogation feature has no application." Dworak v. Tempel, 18 Ill.App.2d 225, 152 N.E.2d 197, 200 (Ill.Ct.App.1958), aff'd, 17 Ill.2d 181, 161 N.E.2d 258 (Ill.1959).
Because Continental has no right of subrogation under either Florida or Illinois law, the trial court order denying intervention is
Affirmed.